FILED
2010 Nov-22  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMPIRE FIRE AND MARINE INSURANCE COMPANY,** ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 2:10-CV-2656-VEH |
| **JOSEPH GOOLSBY, et al.,** ) ) | |
| Defendants. ) ) | |

## MEMORANDUM OPINION

Before the court is the Motion of Defendants, Joseline Perez Aguilar, Karen Michelle Perez Aguilar, Monserrat Grece Perez Aguilar, Leobardo Perez Zuniga, and Elia Perez Ortiz (hereinafter referred to as "the Defendants"),[1] to Dismiss Declaratory Action Complaint Pursuant to Rule 12 of the Federal Rules of Civil Procedure (doc. 11), filed October 21, 2010.  The Plaintiff, Empire Fire and Marine Insurance Company (hereinafter "Empire"), filed a response (doc. 15) on November 3, 2010. For the reasons set forth below, the motion is due to be **DENIED in part** and **GRANTED in part.**

---

[1] Defendant Joseph Goolsby has neither joined in this motion, nor opposed it.  When using the term "Defendants" herein, the term does not include Defendant Joseph Goolsby.

## STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the court must "accept all of the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Although a complaint need not contain detailed factual allegations, it must include enough facts to state a plausible claim for relief." *Retuya v. Sec'y, Dep't of Homeland Sec.*, No. 90-16034, 2010 WL 4340954, at *2 (11th Cir. Nov. 4, 2010), *citing Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (internal citation omitted).

**I.     Insufficient Service under FED. R. CIV. P. 4(g):**

The Defendants contend that Empire improperly served the minor defendants, in violation of FED. R. CIV. P. 4(g). They therefore seek a dismissal pursuant to FED. R. CIV. P. 12(b)(5). Empire contends that such a dismissal is premature. The court agrees. If sufficient service is not made within the time provided by FED. R. CIV. P. 4(m), the Defendants may again move to dismiss on this basis. The motion is due to be **DENIED** without prejudice.

**II.    Failure to State a Claim Upon Which Relief Can Be Granted Under FED. R. CIV. P. 12(b)(6):**

The Defendants contend that the complaint is not ripe for adjudication. According to the Defendants, "the duty to defend and the duty to indemnify are not

ripe before this court until a proper party in privity of contract with Empire has been named in an underlying state-court action." (Defs.' Resp., doc. 11, p. 7). In addition, the Defendants contend that "the duty to indemnify under the terms and provisions of an insurance policy is dependent upon the outcome of the state court trial." (Defs.' Resp., doc. 11, p. 8, *citing Hartford Cas. Ins. Co. v. Merchs. & Farmers Bank*, 928 So.2d 1006, 1013 (Ala. 2005)). Lastly, the Defendants contend that the duty to defend must be examined separately from the duty to indemnify. (Defs.' Resp., doc. 11, p. 9).

Empire contends that the duty to defend is ripe for adjudication. In addition, Empire claims that although "the duty to indemnify may not yet be ripe for adjudication, this Court may stay that claim and hold it in abeyance pending resolution of the underlying lawsuit and/or duty to defend, which is ripe for adjudication." (Pl.'s Resp., doc. 15, p. 10, filed Nov. 3, 2010).

The court will address the duty to defend and the duty to indemnify separately. "The duty to defend a suit against the insured is a present obligation existing during the pendency of the suit, such that a dispute concerning defense obligations present a ripe controversy. Moreover, because the existence of the duty is determined by the policy and the allegations of the complaint, its resolution need not await factual development in the underlying litigation." *White-Spunner Const., Inc. v. Zurich*

*American Ins. Co.*, No. 10-0158-WS-C, 2010 WL 3489956, at *1 (S.D. Ala. Aug. 30, 2010). In this case, the duty to defend is ripe for determination. Therefore, the motion to dismiss is due to be **DENIED** with regard to the duty to defend.

Unlike the duty to defend, the duty to indemnify is not ripe for adjudication. "Whether there is such a duty will depend on the facts adduced and whether any covered liability is established at trial or via settlement in the underlying action, so any declaration at this time on indemnity would be premature." *Auto-Owners Ins. Co. v. Bill Lunsford Const. & Dev., Inc.*, No. 7:09-cv-435-JEO, Magistrate Judge's Report & Recommendation, doc. 23, at 36 (N.D. Ala. Aug. 10, 2009), *adopted by* Mem. Op., doc. 26, at 5 (N.D. Ala. Sept. 24, 2009). The motion to dismiss this claim is therefore due to be **GRANTED** and this claim is due to be **DISMISSED** without prejudice.

### III.   Failure to Join Proper Parties:

The Defendants contend that the complaint should be dismissed because Avis Licensee Association ("Avis") and Car & Truck Rental Inc. ("Car & Truck"), are proper and necessary parties, but have not been joined in this action, as provided in FED. R. CIV. P. 19. According to the Defendants, Avis and Car & Truck are parties to the insurance policy at issue in this case; therefore, they are necessary parties.

Empire disagrees, contending that only the insured under the policy, Joseph Goolsby, is a necessary party. Because Mr. Goolsby is a defendant in this case, all

necessary parties have been joined. Empire also points out that "[t]he Defendants ... have failed to cite any case law or authority in support of their position." (Pl.'s Resp., doc. 15, p. 11, filed Nov. 3, 2010).

As correctly noted by Empire, the Defendants have failed to show that Avis and Car & Truck are necessary parties. For this reason, the motion to dismiss on this basis is due to be **DENIED**.

## **CONCLUSION**

For the reason set forth above, the Defendants' Motion to Dismiss is **DENIED** to the extent brought pursuant to the following bases:

1.  Pursuant to FED. R. CIV. P. 4(g) for insufficient service of process;

2.  To the extent of any declaratory relief sought regarding the duty to defend claim; and

3.  Pursuant to FED. R. CIV. P. 19 for failure to join proper parties.

The Defendants' Motion to Dismiss any declaratory relief sought on the duty to indemnify claim is hereby **GRANTED**. Any declaratory relief sought regarding the duty to indemnify is **HEREBY DISMISSED WITHOUT PREJUDICE** because such claim is not yet ripe for review. A separate order will be entered.

**DONE** and **ORDERED** this the 22nd day of November, 2010.

                                                                **VIRGINIA EMERSON HOPKINS**
                                                                United States District Judge